# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF OKLAHOMA

(1) JEREMY KEITH DAVIS,

            Plaintiff,

v.                                                                         Case No.: CIV-24-98-JAR

(1) TRUCK RELOCATING

    SERVICES, LLC,

(2) TEAM DRIVE-AWAY, INC., and

(3) JACKIE R. POARCH,

            Defendants.

## COMPLAINT

Plaintiff Jeremy K. Davis states and alleges the following for his causes of action against Defendants Truck Relocating Services, LLC, Team Drive-Away, Inc., and Jackie R. Poarch:

### JURISDICTION AND VENUE

1. Plaintiff Jeremy K. Davis is an individual domiciled in Madison County, State of Alabama.

2. Based on information and belief, Defendant Jackie R. Poarch is an individual domiciled in Hinds County, State of Mississippi.

3. Based on information and belief, Defendant Truck Relocating Services, LLC previously operated as a limited liability company in Mesa, Arizona, with its principal place of business in Mesa, Arizona, from October 16, 2015, until on or about January 30, 2023. Defendant Truck Relocating Services, LLC operated as an

1

interstate motor carrier under the authority of U.S. DOT No. 2856800.

4. Defendant Truck Relocating Services, LLC was acquired by Defendant Team Drive-Away, Inc. in January 2023.

5. Defendant Team Drive-Away, Inc. is a for-profit corporation incorporated in Kansas with its principal place of business in Olathe, Kansas.

6. The collision that gives rise to this litigation occurred on or about March 25, 2022, in Muskogee County, State of Oklahoma.

7. Based on this information, venue is proper, and this Court has jurisdiction over this matter.

STATEMENT OF FACTS

8. On March 25, 2022, Davis was operating a 2017 Kia Optima eastbound on Interstate 40 at the Arkansas River Bridge near Webbers Falls in Muskogee County, State of Oklahoma, around 11:30 pm.

9. On that same date and time, Poarch was operating a 2012 International truck on Interstate 40 eastbound in the course and scope of his agency and/or employment with Truck Relocating Services.

10. Based on information and belief, Poarch notified a representative of Truck Relocating Services, prior to the instant collision, that the tires of the 2012 International truck were beginning to wear down to an unsafe condition.

11. Based on information and belief, a representative of Truck Relocating Services instructed Poarch to continue driving with the defective tires until he reached a specific travel stop in Arkansas, where Truck Relocating Services had an

established maintenance account.

12. Poarch continued traveling through Oklahoma when the 2012 International truck became disabled on the Arkansas Bridge near Webbers Falls in Muskogee County, Oklahoma, on the back side of a hillcrest in the right lane of travel.

13. After becoming disabled, Poarch failed to place emergency warning devices to alert traffic to the disabled 2012 International truck.

14. Due to the lighting conditions and lack of emergency warning devices behind the disabled 2012 International truck, Davis was unable to see the inoperable truck that was blocking the roadway.

15. Davis attempted to take evasive action by swerving to avoid the 2012 International truck but was unable to prevent a collision.

16. Davis struck the rear of the 2012 International truck and continued traveling until he came to a rest against the Arkansas River bridge wall.

17. Shortly after the initial collision, a third party, Jamal Bradley, was also traveling eastbound on I-40, approaching the Arkansas River bridge in a 2006 Ford box truck.

18. As Bradley approached the collision scene, he observed the disabled vehicles blocking both lanes of travel.

19. Bradley was unable to avoid a collision and struck the 2012 International truck in the rear main frame, disabling his vehicle.

20. Emergency services were contacted, and Davis was determined to be in critical condition. He was removed from the scene via life flight.

21. As a result of the collision, Davis sustained personal injuries, lost wages, extreme fear, anxiety, emotional distress, and mental anguish. Additionally, Davis incurred property damage, loss of the use of his vehicle, and other incidental expenses arising from the damage to his vehicle.

22. At the time of the collision, Truck Relocating Services had a commercial liability auto policy with Athens Program Insurance, including the MCS-90 Public Indemnification Endorsement.

## FIRST CAUSE OF ACTION
### (NEGLIGENCE OF POARCH)

23. Plaintiff incorporates the preceding paragraphs by reference.

24. The proximate cause of the collision and the resulting damages suffered by Davis were directly caused by one or more negligent acts or omissions of Poarch, who was acting within the course and scope of his agency/employment with Truck Relocating Services including, but not limited to:

   a. Operating a motor vehicle in a reckless and careless manner;

   b. Operating a motor vehicle with unsafe equipment in violation of 47 O.S. § 12-405, and 49 CFR § 393.75;

   c. Failing to display warning devices in violation of 47 O.S. § 12-408, 49 CFR §§ 392.22 & 393.95, FMCSR standard No. 125, § 571.125.

25. Poarch's conduct constitutes gross negligence or amounts to wanton and reckless disregard for the rights of the Plaintiff.

26. Accordingly, Plaintiff seeks judgment from Poarch directly and against Truck

4

Relocating Services & Team Drive-Away under the theory of *respondeat superior* in an amount in excess of $ 75,000.00 to be determined by a jury, along with exemplary damages.

## SECOND CAUSE OF ACTION
### (NEGLIGENT ENTRUSTMENT BY TRUCK RELOCATING SERVICES /TEAM DRIVE-AWAY)

27. Plaintiff incorporates the preceding paragraphs by reference.

28. Under 47 O.S. § 6-307 and the Federal Motor Carrier Safety Regulations ("FMCSRs"), Truck Relocating Services had a statutory and common law duty to determine Poarch was qualified to safely operate the commercial vehicle involved in the subject collision.

29. At all relevant times, Truck Relocating Services breached the duties imposed by 47 O.S. § 6-307, the FMCSRs, and the common law by not using the ordinary care to avoid the negligent, careless, and/or reckless use of the commercial vehicle used by Poarch when Truck Relocating Services knew or reasonably should have known that Poarch was careless, reckless, and/or incompetent to be entrusted with the commercial vehicle involved in the collision.

30. The subject collision and Plaintiff's resulting damages were proximately caused by Poarch's carelessness, recklessness, and incompetence and Truck Relocating Services' negligent entrustment of the commercial vehicle to Poarch.

31. Truck Relocating Services' conduct constitutes gross negligence or amounts to wanton and reckless disregard for the rights of the Plaintiff.

32. Accordingly, Plaintiff seeks judgment against Truck Relocating Services/Team

Drive-Away in an amount in excess of $ 75,000.00 to be determined by a jury, along with exemplary damages.

### THIRD CAUSE OF ACTION
### (NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION – TRUCK RELOCATING SERVICES/TEAM DRIVE-AWAY)

33. Plaintiff incorporates the preceding paragraphs by reference.

34. At all relevant times, Truck Relocating Services possessed a duty to use reasonable care in its hiring, supervision, training, and retention of Poarch.

35. Truck Relocating Services breached this duty, directly resulting in physical injuries to Plaintiff, including past and future medical expenses, lost wages, loss of future income, and severe physical and mental pain and suffering.

36. Truck Relocating Services' conduct constitutes gross negligence or amounts to wanton and reckless disregard for the rights of the Plaintiff.

37. Accordingly, Plaintiff seeks judgment against Truck Relocating Services in an amount in excess of $ 75,000.00 to be determined by a jury, along with exemplary damages.

WHEREFORE, Plaintiff Jeremy K. Davis seeks judgment against each Defendant for actual damages exceeding $ 75,000.00, attorney's fees and costs, all interest allowed by law, and for such other relief as this Court may deem equitable, just, and proper.

6

DATED: March 18, 2024                    MILLER JOHNSON JONES
                                            ANTONISSE & WHITE, PLLC


                                         _____
                                         Dan K. Jones, OBA # 16940
                                         Abby Nathan, OBA # 32477
                                         500 N.W. 6th Street, Suite 300
                                         Oklahoma City, Oklahoma 73102
                                         Telephone:    (405) 896-4388
                                         Facsimile:    (405) 609-2995
                                                       djones@mjjaw.com
                                                       anathan@mjjaw.com
                                         **ATTORNEYS FOR PLAINTIFF**


JURY TRIAL DEMANDED

7