# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY KEITH DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUCK RELOCATING SERVICES, LLC; ) <br> TEAM DRIVE-AWAY, INC.; and ) <br> JACKIE R. POARCH, ) <br> ) <br> Defendants. ) | Case No. CIV-24-098-JAR |

### OPINION AND ORDER

On this date, this Court conducted a hearing on Defendant Team Drive-Away, Inc.'s Motion to Dismiss (Docket Entry #20). Upon consideration of the briefing and the arguments of counsel, this Court finds that Defendant Team Drive-Away, Inc. acquired the assets of Defendant Truck Relocating Services, LLC some ten months after the accident which forms the subject matter of this action. The general rule resulting from such a purchase is that "when one company sells or otherwise transfers all its assets to another company, the successor is not liable for the debt and liabilities of the seller" unless "(1) an agreement exists to assume such debts or liabilities; (2) the corporations are consolidated or merged; (3) the transaction was fraudulent; or (4) the purchasing corporation is a mere continuation of the selling company." Crutchfield v. Marine Power Engine Co., 209 P.3d 295, 297 (Okla. 2009).

In accordance with the statements made at the hearing by Plaintiff's counsel and the facts set out in the briefs, no good faith argument or representation of the evidence can be made that Defendant Team Drive-Away, Inc. purchased the liabilities of Defendant Truck Relocating Services, LLC. The other exceptions are also contraindicated from the evidence in that it appears

to have been strictly an asset sale. Accordingly, no plausible argument has been made to suggest liability on the part of Defendant Team Drive-Away, Inc. under either a negligence or negligent entrustment theory. Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). At this time, permitting the amendment of the Complaint on these claims against this Defendant would be futile. Should Plaintiff develop evidence to indicate that one of the exceptions to the general rule governing asset sales between corporations applies in this case, he may file an appropriate motion to amend the Complaint and the Court will consider the request. To that end, the dismissal will be without prejudice.

IT IS THEREFORE ORDERED that, for the reasons stated on the record by the Court at the hearing and as set forth herein, Defendant Team Drive-Away, Inc.'s Motion to Dismiss (Docket Entry #20) is hereby **GRANTED**. Defendant Team Drive-Away, Inc. is hereby **DISMISSED** without prejudice from this action.

IT IS SO ORDERED this 18th day of December, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE